## MONEY v. WALLIN et al.
### Civ. No. 7096.

United States District Court
E. D. Pennsylvania.

Jan. 11, 1950.

Motion for New Trial Dismissed
April 26, 1950.

Thomas D. McBride, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., for defendants.

CLARY, District Judge.

Plaintiff, Fred B. Money, obtained employment at the Philadelphia Navy Yard in 1932 as "Foreman Mechanic Forge

Shop" and remained in continuous employ until January 25, 1944, at which time he was "Master Mechanic Forge Shop". His Civil Service classification at that time was Group IVa supervisory. On January 25, 1944 he was suspended by the Commandant of the Philadelphia Navy Yard, and on February 1, 1944 was served with written charges relating to possible disciplinary action which embodied an oral presentment made to him on January 25th. On February 4, 1944 he made written answer to the charges together with accompanying affidavits, and on February 5, 1944 pursuant to applicable law, Navy Department regulations, and Civil Service regulations, the Commandant recommended to the Secretary of the Navy that he be discharged. On April 18, 1944, Ralph A. Bard, Assistant Secretary of the Navy, signed an order of discharge which was personally presented to plaintiff on the 28th day of April, 1944. Because of the accumulated leave privileges his actual separation from the Government payroll occurred on August 2, 1944. Plaintiff herein endeavored to obtain a review of his case and reinstatement in his position and, being unsuccessful in his attempts, on the 17th day of March, 1947 filed this action based specifically upon the Civil Service Act of 1912, 37 Stat. 555, 5 U.S.C.A. § 652. In this action plaintiff asks the Court to determine and direct and grant the following:

First: That the defendants be directed to submit to the plaintiff the full and complete record relating to his suspension and discharge in the year 1944.

Second: That the defendants be ordered and directed that the plaintiff's rights under the Civil Service Act as it related to separation for cause have been disregarded, and that, therefore, the attempted discharge of the plaintiff is null and void.

Third: That the defendants be ordered to reinstate said plaintiff as a permanent Civil Service employee in the same classification as he had in 1944 and with his full rights earned by him under Civil Service as of that time.

Fourth: That the defendants review the charges preferred against the plaintiff and after permitting the plaintiff a reasonable time for the preparation of a defense after having seen said file, to fully consider if the charges preferred against the plaintiff in light of the plaintiff's reply substantiate cause for discharge.

Defendants have moved to dismiss the action for lack of necessary parties, for failure to state a cause of action, for lack of jurisdiction of the subject matter, and for laches. Plaintiff earnestly urges that he is entitled to a hearing on the acts of the subordinates of the Secretary of the Navy regarding their failure to properly fulfill the procedural requirements of Section 6 of the Civil Service Act, 5 U.S.C.A. § 652. While a decision of that question is not determinative of the issue before us, we will consider it briefly here because of the earnestness with which that proposition has been advanced by counsel.

Under the above quoted section, plaintiff could only be discharged for such cause as would promote the efficiency of the service. Clearly, if the charges leveled against him were true, they would constitute such cause. Under the quoted section, he was entitled to have the reasons for such charge given in writing and this was done and with sufficient clarity and detail to apprise him of the fundamental basis of the charges. He was entitled to a copy of the charges, which he received, and to be allowed a reasonable time to answer in writing together with supporting affidavits. The time given in the notice of charges was three days, and he actually made answer in writing within that time. This in light of all the surrounding circumstances, particularly in view of the fact that he had been orally presented with substantially the same charges some six days prior to formal presentation of written charges, we consider a reasonable time. Plaintiff contends that he should be granted a hearing (which is not required by the statute), the right to the complete record of the superior officer on which charges were based (which again is not required by the statute), and the right to face his accusers and cross-examine them exactly the same as if he were formally charged with crime by an indictment. The plaintiff's rights are limited

by the Act itself and do not involve constitutional rights of a defendant charged with crime. In the opinion of the court, the procedural requirements of the statute were complied with; plaintiff has been accorded all the rights to which he was entitled; and his discharge was not in violation of the procedural requirements of the statute. With the truth or falsity of the accusations, we are not concerned. Levine v. Farley, et al., 70 App.D.C. 381, 107 F.2d 186.

An analysis of the plaintiff's requests for relief, set out in detail supra, indicates that plaintiff is seeking the exercise by this court of mandamus powers. District Courts of the United States, however, have no jurisdiction over actions directed originally towards securing such relief. Petrowski v. Nutt, 9 Cir., 1947, 161 F.2d 938; Palmer v. Walsh, D.C. Or. 1948, 78 F.Supp 64; Kohlman v. Smith, D.C. W.D. Pa. 1947, 71 F.Supp. 73. Section 262 of the Judicial Code, 28 U.S.C.A. § 377 [revised § 1651], provides jurisdiction to issue all writs not specifically provided for by statute. But under that section, as interpreted by the cases previously cited in this paragraph, district courts can issue writs of mandamus which are auxiliary and ancillary only in character and necessary to the exercise of original juridiction of the court.

Under the plaintiff's second prayer for relief, this action might conceivably be construed as a suit for a declaratory judgment, in that this court is asked to declare certain acts of the subordinates of the Secretary of the Navy illegal and therefore ineffectual in bringing about the discharge of the plaintiff from the classified Civil Service. If the action be viewed as a suit for a declaratory judgment affecting plaintiff's rights, this court likewise lacks jurisdiction of the cause since the Declaratory Judgment Act, 28 U.S. C.A. § 400, 28 U.S.C.A. §§ 2201, 2202, did not enlarge the jurisdiction of the district courts of the United States. Palmer v. Walsh, supra, citing Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223; Chicago Pneu-

matic Tool Co. v. Ziegler, 3 Cir., 151 F.2d 284; Doehler Metal Furniture Co. v. Warren, 76 U.S.App.D.C. 60, 129 F.2d 43.

Further on the question of the jurisdiction of the district courts to grant relief in cases of this nature, the opinion of Judge Driver in Palmer v. Walsh, supra, was referred to with approval, although by way of dictum, by Judge Fee in Hopkins v. Wallin, et al., 3 Cir., 179 F.2d 136. Judge Driver's opinion in the Palmer case holds very clearly that the district courts are without jurisdiction to interfere by issuing mandamus, or by issuing a mandatory injunction affecting civil service rights, or to determine by a declaratory judgment the plaintiff's right to be restored to a civil service position from which he had allegedly been wrongfully removed.

For the reasons above stated, we have determined that plaintiff's complaint must be and it is hereby dismissed.