**MONEY v. WALLIN et al.**

**Civ. A. No. 7096.**

United States District Court. E. D. Pennsylvania.

April 26, 1950.

William J. Woolston, Thomas D. McBride, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., for defendants.

CLARY, District Judge.

The plaintiff herein after the dismissal of his complaint made timely motion for reargument and reconsideration or, in the alternative, for a new trial. The main reason advanced in both aspects of his motion is that the Court in its original Opinion of January 11th, 1950 misconstrued the relief requested by the plaintiff. D.C.,

88 F.Supp. 980. We have re-examined the matter in the light of the arguments advanced by the plaintiff and we reaffirm our previous decision for the reasons therein stated.

 The proceeding (the separation of the plaintiff from Government service under Civil Service Rules and Regulations) which the plaintiff has asked us to review requires the Secretary of the Navy as an indispensable party to the record. Plaintiff contends that the statutory requirements for dismissal were disregarded by the Commandant of the Navy Yard in Philadelphia, and further, that this Court has jurisdiction to review the acts of the Commandant as distinct and separate from the final act of the Secretary of the Navy in ordering plaintiff's dismissal. To give weight to this argument we would have to assume that the Commandant was acting in an independent capacity and other than as a subordinate of the Secretary of the Navy; that the Secretary of the Navy in arriving at a final decision did not review the procedure followed by his subordinate; and finally, that the Secretary of the Navy in carrying out his duty respecting dismissal of Civil Service employees of Group IV gave consideration only to the merits of the claim. This we cannot do. We must assume that the Secretary of the Navy did his full duty in reviewing the actions of his subordinate on procedure as well as on the merits and that he took independent action thereon so that if any of the plaintiff's rights were disregarded, they were disregarded by the Secretary of the Navy.

The Rules and Regulations of the Civil Service Commission of the United States in force at the time of the dismissal of the plaintiff and which cover employees of the rating of the plaintiff in this case provides at paragraph 90a: "* * * Recommendation for removal or reduction of all employees in Group IV, except leaders, chief and assistant chief mechanics, leadingmen, quartermen, head mechanics, and head laborers at naval hospitals shall be forwarded to the Secretary of the Navy for action, accompanied by copy of the charges preferred against the employee and his reply thereto."

 The reading of the plain language of this Regulation makes it clear that it is the Secretary of the Navy who is to exercise his discretion and take "action" in effecting the removal of members of this group. A superior officer is an indispensable party where the decree granting relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him. Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; and Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 92 L.Ed. 95. See also the exhaustive and illuminating discussion of this principle, with a complete review of cases by Kalodner, J., then District Judge, in Hartmann v. Federal Reserve Bank of Philadelphia, D.C., 55 F. Supp. 801.

For the above reasons as well as those set forth in the Opinion of January 11, 1950, it is

Ordered, Adjudged and Decreed that plaintiff's motion for a new trial be and it is hereby dismissed.