## MONEY v. WALLIN et al.

### No. 10248.

United States Court of Appeals Third Circuit.

Argued Dec. 5, 1950.

Decided Jan. 10, 1951.

William J. Woolston, Philadelphia, Pa., for appellant.

Leon H. Fox, Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

In 1944 the plaintiff was discharged from his civil service position as master mechanic in the forge shop at the United States Navy Yard, Philadelphia, Pennsylvania. His discharge "to promote the efficiency of the Service" was effected by, and upon the decision of the Secretary of the Navy after charges were preferred against him by the then Commandant of the Navy Yard. Thereafter, the plaintiff invoked a procedure available to him before the United

States Civil Service Commission,[1] the result of which was not to his satisfaction. In 1947, he instituted this action naming as defendants the Commandant of the Navy Yard at the time of suit, the Industrial Relations Officer there, and the Regional Director of the Civil Service Commission, Third District.

The complaint did not seek a judicial review of the reasons for plaintiff's dismissal. Rather, it alleged a violation of statutory rights in that he was not given a sufficient statement of the charges against him, nor a reasonable time for answer.[2] For these reasons, the complaint prayed for an order declaring the discharge invalid and directing the defendants to (1) reinstate the plaintiff, (2) furnish him with the complete record relating to his suspension and discharge, and (3) review the charges preferred against him and, after affording a reasonable time for the preparation of a defense, consider whether the charges, in the light of the defense, substantiated his removal. Reinstatement, however, was desired only as an interim measure.[3]

In the Court below, the defendants took the position, by motion subsequently denied, that the presence of the Secretary of the Navy was indispensable to the litigation: They asserted that the Secretary alone was authorized to appoint or remove a civilian employee in the plaintiff's employment category, and that they could not accord to him the relief requested. Moreover, their answer put in issue, inter alia, the jurisdiction of the Court. Following the trial, the District Judge found unmeritorious the allegations of faulty procedure in the removal of the plaintiff, but determined that the complaint should be dismissed in any event as evoking the exercise of original powers of mandamus which the Court did

not have. D.C. 88 F. Supp. 980. On the plaintiff's petition for reargument and motion for a new trial, the District Judge reaffirmed his previous decision and held, in addition, that dismissal of the complaint was dictated by the lack of an indispensable party. D.C. 89 F.Supp. 932. The plaintiff then prosecuted this appeal.

■ We agree with the result reached in the District Court on the issue of the indispensable party and therefore do not stop to review the further reasons advanced in support of its conclusion to dismiss. Nor, in view of the decision in Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, have we call to descant upon the indispensable party concept.[4] In the words of the Supreme Court: " * * * the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him." 332 U.S. at 493, 68 S.Ct. at 189, 92 L.Ed. 95. On the other hand, suit is permitted " * * * against a public official who invades a private right either by exceeding his authority or by carrying out a mandate of his superior. * * * In those situations relief against the offending officer could be granted without risk that the judgment awarded would 'expend itself on the public treasury or domain, or interfere with the public administration.' " 332 U.S. at 493, 68 S.Ct. at 189, 92 L.Ed. 95. The decree to be entered should " * * * effectively grant the relief desired by expending itself on the subordinate official who is before the court." 332 U.S. at 494, 68 S.Ct. at 189, 92 L.Ed. 95.

■ In the case at bar, the undisputed record is to the effect that the plaintiff, at the time of his separation from the service,

---

[1] Then Civil Service Rule XII, 5 CFR 12.4 (Cum.Supp.); now, see 5 CFR 9.105 (1949 ed.).

[2] Act of August 24, 1912, § 6, 37 Stat. 555, 5 U.S.C.A. § 652, and Civil Service Rule XII, 5 CFR 12.1 (Cum.Supp.). Now, see Amendment of June 10, 1948, 62 Stat. 354, 5 U.S.C.A. § 652 (a), and 5 CFR 9.102 (1) (1949 ed.).

[3] Complaint, Paragraph 29.

[4] For the conflict of opinion existing prior to Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, see Hartmann v. Federal Reserve Bank of Philadelphia, D.C.E.D.Pa.1944, 55 F.Supp. 801.

was a master mechanic in "Group IVa", and that only the Secretary of the Navy was authorized to take final employment action with respect to persons in that situation; moreover, he had not delegated his authority to any of the official positions now occupied by the defendants.[5] Indeed, the plaintiff's promotion to the position of master mechanic in "Group IVa" as well as his final discharge were accomplished by the action of the Secretary of the Navy. Not only has the plaintiff conceded the regulations, but he did not assert either in the Court below or on this appeal that the defendants were, at the time of the filing of the complaint or since, invested with authority to fulfill his requirements for relief.[6] The ineluctable conclusion is that a decree granting the substance of the relief sought, directing the defendants or any of them to reinstate the plaintiff and to reconsider the charges against him, would not expend itself upon these inferior officers, but would command the action of an absent superior either to exercise directly a power lodged in him or to have a subordinate exercise it for him. Williams v. Fanning, supra. This action, therefore, may not be maintained against the subordinates alone. Gnerich v. Rutter, 1924, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 1925, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411.

The plaintiff contends, on the contrary, that it was the Commandant who in fact violated his statutory rights by failing to specify the charges and in not affording a reasonable time within which to make his reply. He maintains, too, that Williams v. Fanning, supra, permits a suit against the Commandant as "a public official who invades a private right either by exceeding his authority or by carrying out a mandate of his superior." And he argues that the Navy Department cannot be permitted to lift itself out of this difficulty by pulling, at its own bootstraps, i. e., by its administrative regulations deprive an otherwise competent court of jurisdiction.

We think it plain, however, that the instant litigation is of the class of cases typified by Gnerich v. Rutter and Webster v. Fall, supra, rather than the class of which State of Colorado v. Toll, 1925, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927 and Williams v. Fanning, supra, are exemplary. On the record, the defendants did not and do not have authority to deal finally with the plaintiff's employment, nor to satisfy the claim for relief stated in the complaint. The plaintiff was dismissed by the Secretary of the Navy, who bore the responsibility for any defects in his actions, and it appears only that the Commandant transmitted his message to the plaintiff. Even were the Commandant now excluding the plaintiff from the Navy Yard, an order merely restraining him therefrom manifestly would not achieve the plaintiff's objective. Moreover, the failure of a su-

---

5. Defendant's Exhibit 1: Form 2009, a document consisting of the Rules of the Civil Service Commission and the Administrative Regulations promulgated by the Secretary of the Navy governing the employment of civil personnel in the field service of the Navy Department. See also, 34 CFR 10.1, 10.2 (1943 Supp.).

6. As to the organization of the Navy Department and the authority of the Secretary of the Navy, see 14 F.R. 3124 (1949), particularly at page 3126, showing an "Office of Industrial Relations" within the Executive Office of the Secretary.

   As to agency responsibility for personnel management, see Executive Order Feb. 24, 1947, No. 9830, effective May 1, 1947, 3 CFR 01.3 (1947 Supp.). See also, 3 CFR 8.103, 9.101 (1947 Supp.); now, 3 CFR 8.103, 9.101 (1949).

The current intra-departmental administrative regulations of the Navy Department do not delegate to the positions occupied by any of the defendants authority to take employment action concerning master mechanics in "Group IVa" different in substance from the delegated authority at the time of the plaintiff's discharge. See Navy Civilian Personnel Instructions (Navexos P-122), particularly NCPI 10.1-1(d) (employee groups); NCPI 45.11-Enc. 5 (delegation of authority for Suspension, Demotion and Removal of various groups); and NCPI 135.2-3c(2) (a) (limiting final personnel action concerning master mechanics to the Department where such action involves appointment, reemployment, promotion, demotion, reassignment and removal).

perior when he is not so obliged by law to delegate his authority to his subordinates does not properly concern the Court in this situation. At least it did not in Gnerich v. Rutter and Webster v. Fall, supra. The law is clear and justifiable that the Court will not exercise its jurisdiction in these cases to interfere with the public administration by issuing its decree where the decree cannot expend itself upon the officers before it.

For the reasons stated, the judgment of the District Court will be affirmed.