**Sonia D. MUERER**

v.

**Stephen P. RYDER, as Regional Director, U. S. Civil Service Commission, and Captain John W. Crumpacker, U. S. Navy, as General Stores Supply Officer, Philadelphia, Pennsylvania.**

**Civ. A. 19294.**

United States District Court
E. D. Pennsylvania.

Oct. 27, 1955.

---

Joseph Neumann Smith, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Alan J. Swotes, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

WELSH, District Judge.

■ In February, 1953, plaintiff obtained civilian employment as Methods Examiner for the United States Navy General Stores Supply Office. She was suspended from said employment for security reasons on July 27, 1953 and was discharged (after hearing and appeal) on April 12, 1954. In this action plaintiff seeks an order requiring defendant, John W. Crumpacker, to cancel the notice of removal from office sent to plaintiff and to restore her to duty as Methods Examiner in the General Stores Supply Office, with back pay and increments from July 27, 1953.[1]

The defendant, Ryder, has moved to dismiss the action against the defendant, Crumpacker, on the grounds (1) the Assistant Secretary of the Navy for Air is an indispensable party and can be served only in the District of Columbia, (2) the relief sought is in the nature of mandamus, jurisdiction of which is in the United States District Court for the District of Columbia and (3) the plaintiff is guilty of laches.

I. Is the Assistant Secretary of the Navy for Air an indispensable party?

■ The applicable law is that the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him. Williams v. Fanning, 322 U. S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Money v. Wallin, 3 Cir., 186 F.2d 411; Daggs v. Klein, 9 Cir., 169 F.2d 174 and Schwartz v. Ryder, D.C., 18 F.R.D. 201, opinion by Judge Lord of this District dated July 18, 1955. To the same effect see Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 and Martucci v. Mayer, 3 Cir., 210 F.2d 259.

The decision to remove a civilian employee of the Navy in the interest of national security is vested in the Secretary of the Navy or in his authorized subordinate. 5 U.S.C.A. § 22–1; Executive Order No. 10450, 5 U.S.C.A. § 631 note, and Navy Civilian Personnel Regulation 29. We think it clear in the present case the decision to remove plaintiff was that of the Secretary of the Navy (acting through his authorized subordinate, the Assistant Secretary of the Navy for Air) and not that of Captain Boundy, who was Commanding Officer of the Naval Installation in question at the time of plaintiff's removal and who transmitted to plaintiff the communication removing her. It is equally clear from the above statute, order and regulation, we think that the Secretary of the Navy alone, or as here his authorized subordinate, the Assistant Secretary of the Navy for Air, is empowered to reinstate the plaintiff. Captain Boundy did not have and defendant, Crumpacker, his successor, does not now have the power to reinstate plaintiff.

■ Therefore, we hold that the Secretary of the Navy or his authorized subordinate, the Assistant Secretary of the Navy for Air is an indispensable party in the instant case because an order to reinstate plaintiff is sought and the Secretary of the Navy alone or his authoriz-

---

1. An order requiring defendant, Stephen P. Ryder, to restore plaintiff to her proper position on lists of those eligible for federal appointment and to cancel any notation that she is ineligible for such appointment is also sought.

After defendant, Ryder, had notified plaintiff of charges against her and said plaintiff had denied them, said Ryder, on April 22, 1954, notified plaintiff that all her existing eligibilities had been cancelled and that she was barred from competing in examinations or accepting federal employment for a period of three years from the date of the notice.

Plaintiff failed to take an appeal to the United States Civil Service Commission in Washington, D. C.; hence, for failure of plaintiff to exhaust her administrative remedies a dismissal of her action as against the defendant, Ryder, will be ordered.

**364**

ed subordinate is empowered to do that act, i. e., to reinstate plaintiff.

 The answer to the above query is "yes". The action against the defendant, Crumpacker, will accordingly be dismissed.

II. and III. In view of the foregoing it is unnecessary to pass on the validity of the remaining grounds assigned in support of the motion to dismiss.

IV. An order pursuant to the foregoing opinion will be prepared and submitted.