**Rosalie HARRIS, Plaintiff,**

v.

**William L. BAYER, Commanding General Signal Corps Supply Agency, Philadelphia, Pa., Defendant.**

**Civ. A. No. 18487.**

United States District Court
E. D. Pennsylvania.

Dec. 14, 1955.

William J. Woolston, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Eugene J. Bradley, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

CLARY, District Judge.

In October of 1953 and prior thereto, plaintiff, Rosalie Harris, was employed at the Signal Corps Supply Agency in Philadelphia, Pennsylvania, as property and supply clerk, with permanent civil service status. On October 9, 1953, she was presented with a notice of suspension, without pay, pending an adjudication of security charges preferred against her. The authority for the action taken against the plaintiff was based on the Act of August 26, 1950, c. 803, § 1, 64 Stat. 476, 5 U.S.C.A. § 22–1, Executive Order No. 10450, 5 U.S.C.A. § 631, note, and Regulations promulgated thereunder. After a hearing before the local Security Hearing Board, which found that her continued employment at the Signal Corps Supply Agency would be entirely consistent with the interest of national security, the Security Review Board in Washington recommended directly to the con-

trary as a result of which she was discharged effective October 7, 1954.

This suit was instituted against William L. Bayer, Commanding General of the United States Army, Signal Corps Supply Agency in Philadelphia. In her complaint plaintiff avers that she was denied constitutional due process in the administrative hearing and she requests the Court to direct the defendant to issue a proper order granting plaintiff a hearing in accordance with due process or in lieu thereof that plaintiff be offered re-employment in her former position or one similar thereto at the Signal Corps Supply Agency in Philadelphia.

The Government has moved to dismiss the complaint on the ground that the Secretary of the Army is an indispensable party and can only be sued in the District of Columbia, and further that this Court lacks jurisdiction because the relief prayed for is in the nature of mandamus.

■ The motion of the Government must be granted. While it is true that in the cases of Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, and in the recent case of Parker v. Lester, 9 Cir., 227 F.2d 708, the courts held that where the power to act was not lodged exclusively in a superior and the relief prayed for required only an act on the part of a subordinate, the Superior was not an indispensable party, the facts of the instant case do not lend themselves to the application of that doctrine. Under the statute above referred to, the Executive Order and Regulations promulgated thereunder, the power to order the removal of an employee of the Signal Corps is vested exclusively in the Secretary of the Army. The defendant here sued, the Commanding General of the Signal Corps Supply Agency in Philadelphia, is merely the conduit through which the decision of the Secretary of the Army is made effective. This Court is without power to direct him to set aside an action of his Superior, the Secretary of the Army. It would appear, therefore, that the Secretary of the Army is an indispensable party. See Money v. Wallin, 3 Cir., 1951, 186 F.2d 411; Schwartz v. Ryder, 18 F.R.D. 201, opinion by Judge Lord of this District dated July 18, 1955, and Muerer v. Ryder, 137 F.Supp. 362, opinion by Judge Welsh of this District dated October 27, 1955.

■ Counsel for the plaintiff has earnestly contended that the Secretary of the Army is not an indispensable party; that this is a suit for a declaratory judgment and that this Court has the power to declare that the hearing granted the plaintiff was in violation of her constitutional rights and therefore without warrant of law. However, the complaint does ask, in addition, for the entry of an order by the Court restoring plaintiff to her position or a comparable position at the Signal Corps Supply Agency in Philadelphia. It appears to the Court that the contention of the plaintiff that this is merely a suit for a declaratory judgment within the jurisdiction of this Court is answered in the well-reasoned opinion of Chief Judge Magruder of the First Circuit in the case of Marshall v. Crotty, 1 Cir., 1951, 185 F.2d 622. In a case somewhat analogous on its facts to the instant case, Judge Magruder remarked that a declaratory judgment which does not have the effect of becoming res judicata and determining the rights of the parties is absolutely worthless. Any declaratory judgment that might be entered by this Court in the instant suit would neither be res judicata as against the Secretary of the Army nor, indeed, as against the United States itself. In substance, what plaintiff here is really asking is that this Court assume jurisdiction in an action of mandamus. It is now well settled that a district court which lacks jurisdiction by way of mandamus is likewise without jurisdiction to give a declaratory judgment determining the reinstatement rights of a former United States government employee. Pal-

mer v. Walsh, D.C.Or.1948, 78 F.Supp. 64, and Marshall v. Crotty, supra.

Accordingly, an order will be entered dismissing the complaint for lack of jurisdiction.