**Lawrence CURTIS, d/b/a National Brands-Pounds Plus Co., Plaintiff,**

v.

**Robert SCHAFFER, Postmaster, New York, New York, Defendant.**

United States District Court
S. D. New York.

Dec. 27, 1955.

Milton A. Bass, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., New York City, for defendant.

684

EDELSTEIN, District Judge.

This action was brought to enjoin the enforcement of a fraud order issued by the Postmaster General of the United States, based upon charges that the plaintiff was engaged in conducting a scheme of obtaining money through the mails by means of false and fraudulent pretenses, in violation of sections 259 and 732 of Title 39, United States Code, 39 U.S.C.A. §§ 259, 732. After an administrative hearing at which plaintiff was represented by counsel, a decision against the plaintiff was rendered by the hearing officer and plaintiff was advised of his right to file a notice of appeal to the Solicitor of the Post Office Department within ten days. He was further informed that upon the timely filing of a notice of appeal, dates would be fixed for the filing of briefs, and that if no appeal were noted within the prescribed time, the initial decision would become final. Notice of appeal was filed, under the applicable regulations, and a date was set for the filing of briefs on appeal. But the plaintiff proceeded no further, and the appeal was dismissed upon a default. Thereafter, a fraud order issued, directing the Postmaster of New York City to return to the senders any mail directed to the plaintiff, with the words, "Fraudulent: Mail to this address returned by order of Postmaster General", stamped on it. By an order to show cause, application has been made for a preliminary injunction, and the defendant, opposing the application, has also cross-moved for summary judgment dismissing the complaint.

The plaintiff has failed to exhaust his administrative remedies and therefore has no standing to demand relief of the court. The doctrine of exhaustion of administrative remedies requires not merely the initiation of prescribed administrative procedures; it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention. Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796. The Supreme Court, in that case, went on to point out "The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings." At the most, plaintiff initiated the prescribed administrative appeal by filing his notice, but he went no further, with the result that he defaulted on the administrative appellate procedure. And he may not assert the exhaustion of administrative remedies by default. Olinger v. Partridge, 9 Cir., 196 F.2d 986.

Accordingly, the complaint will be dismissed for lack of jurisdiction in the court to entertain it.