**Robert WEBB**

v.

**The UNITED STATES of America; New York Industrial Personnel Security Hearing Board; Members of The New York Industrial Personnel Security Hearing Board;**

**and**

**Radio Corporation of America.**

**Civ. A. 22638.**

United States District Court
E. D. Pennsylvania.
June 19, 1957.

William J. Woolston, Philadelphia, Pa., for plaintiff.

G. Clinton Fogwell, Jr., Henry J. Morgan, Philadelphia, Pa., for defendant.

LORD, District Judge.

Plaintiff is an electronics engineer who is employed by the Radio Corporation of America (hereinafter referred to as "R. C.A.") in Camden, New Jersey. The employer has made contracts with the United States of America which involve the Industrial Personnel Security Program. That is, the R.C.A. is doing work for the government which involves information classified as secret. In accordance with that program, which is administered by the Department of Defense under the general authority of the National Security Act of 1947, as amended, 50 U.S.C.A. § 401, the employer has undertaken to assign to such work only those of its employees who have been approved as security risks under the Industrial Personnel Security Program.

In 1955 the plaintiff made application to the Department of the Air Force for clearance for access to material being produced by the employer under certain contracts. The application was ultimately referred by the Director of the Office of Personnel Security Review (hereinafter referred to as "Director") to the Industrial Personnel Screening Board (hereinafter referred to as "Screening Board") in accordance with the provisions of paragraph 17 of the Department of Defense Directive No. 5220.6, dated February 2, 1955 (20 Fed.Reg. p. 1553, 1556, § 67.4–3).

The Screening Board referred the matter to the New York Industrial Personnel Security Hearing Board (hereinafter referred to as "Hearing Board"), for the purpose of conducting a personal interview of the plaintiff. This interview was conducted on December 20, 1956, and thereafter the Director again referred the matter to the Screening Board. The latter concluded that the case did not warrant a security finding favorable to the plaintiff, and accordingly a Statement of Reasons was issued and on February 19, 1957, plaintiff was advised by registered mail that any existing clearance he may have had for access to classified defense information was suspended, effective that date, and that he might submit an answer to the Statement of Reasons and request a hearing. Pursuant to such request a hearing has been scheduled.

The plaintiff has characterized his complaint as a challenge of a denial of ad-

ministrative due process which he likens to that involved in Parker v. Lester, 9 Cir., 227 F.2d 708 and Lester v. Parker, 9 Cir., 1955–1956, 235 F.2d 787. There it was found by the court that the Port Security Program, as applied to the United States Coast Guard's *conduct of actual hearings*, encroached upon fundamental rights of American seamen. Plaintiff asserts that the United States Department of Defense, in its Industrial Personnel Security Program, has been guilty of a comparable denial of administrative procedural due process. More detailed discussion of those 9th Circuit cases is reserved for a later place in this opinion since comparison can be made with greater force at that point.

Plaintiff here does not challenge the constitutionality of the National Security Act of 1947 as amended, 50 U.S.C.A. § 401—being the statute which is taken as authority for the conduct of the Industrial Personnel Security Program by the Department of Defense. He does, on the other hand, challenge the manner in which that Security Program is being administered. Specifically, he requests the Court to enjoin the defendants from

" * * * requiring as a condition of plaintiff's employment that he obtain clearance from the Industrial Personnel Security Board, which is conducted in accordance with the rules, regulations and procedures of the Industrial Security program, which rules, regulations and procedures effectively deprive plaintiff of his liberty and property without due process of law * * *."

The Government has filed a motion to dismiss the foregoing complaint.

## I

The motion is in the first instance directed to jurisdiction over persons of some of the defendants. There are four entities or groups named as defendants, and the record shows that service upon them was made or attempted by the following acts and methods:

(a) By delivery of a copy of the summons and complaint to the United States Attorney for the Eastern District of Pennsylvania at Philadelphia;

(b) By the mailing of a summons and copy of the complaint to the New York Industrial Personnel Security Hearing Board at 45 Broadway, New York City;

(c) By mailing of a copy of the summons and complaint to the Radio Corporation of America, Front and Cooper Streets, Camden, New Jersey.

■■ This motion is in the general form prescribed by Rule 12(b), Fed.R. Civ.P., 28 U.S.C.A., and asserts most of the seven defenses which, in terms of the rule, may be made by motion. They include particularly: lack of jurisdiction over the subject matter and over the person; insufficiency of service of process; failure to join an indispensable party and failure to state a claim upon which relief can be granted. It is fundamental that inclusion of the latter grounds does not waive the objections to service and jurisdiction of the person and that the motion does not necessarily amount to a general appearance. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, certiorari denied 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573; see also Rule 12(g); Rule 12(h) as amended eff. March 19, 1948, Fed.R. Civ.P.

■ The motion denies jurisdiction over the person of the defendant New York Industrial Personnel Security Hearing Board because it is not a body corporate which can be sued *eo nomine* and further that neither the Hearing Board nor any of the members have been served with process within the territorial limits of this Court.

Since the record shows no personal service other than that made on the United States Attorney at Philadelphia it seems patent that jurisdiction over the persons of the defendants depends entirely upon that service, since it was the only service made or attempted in Penn-

sylvania. Rule 4(f) of the Federal Rules of Civil Procedure, of course, provides that original process must be served within the territorial limits of the State in which the District Court is held.

It is evident and undisputed that the Board is located in New York. Under the general authorities interpreting Federal Rule of Civil Procedure 4(f), the limitation as to service applies to service upon officers or agencies of the United States, Federal Landlords Committee v. Woods, Housing Expediter, D.C.S.D.N.Y.1949, 9 F.R.D. 622; 2 Moore on Federal Practice, § 4.29.

The defendant cites Cohen v. Leone, D.C.E.D.Pa.1955, 18 F.R.D. 494. This was a suit against the individual members of the Eastern Industrial Personnel Security Board. It is dissimilar to the present case in that the Cohen case, for one thing, was free of the question as to a suable entity—being against named individual members. Furthermore, the Board's hearings in that case had taken place in Pennsylvania and the court accordingly invoked grounds in the nature of an estoppel in pais, saying (at page 495):

"* * * And it is our thought that the United States cannot now be heard to say that the members of the Board are not subject to this Court's jurisdiction."

■ Absent jurisdiction of the Board or its members, the named defendants are reduced to the United States of America and the Radio Corporation of America. The former has not consented to be sued, and there is no assertion that the action may stand as to this defendant alone. The Radio Corporation of America was served by mail only—for which reason, among others, the R.C.A. is not subject to the jurisdiction of the Court. Had it been duly served with process, however, it is difficult to see what relief against it could be granted to the plaintiff under the pleadings.

The foregoing analysis of the objections to jurisdiction over the person of the defendant Hearing Board compels the Court to grant defendant's motion to dismiss. The other grounds of the motion, nevertheless, will be considered in course.

## II

■ Included in defendants' objections to jurisdiction of the person is the ground, heretofore mentioned, that:

"* * * The New York Industrial Personnel Security Hearing Board has not been constituted by Congress a body corporate or authorized by it to be sued *eo nomine*. Accordingly, the suit against it is improper. Any suit involving the action of the Hearing Board would have to be brought against the individuals comprising the Hearing Board, as members of said Hearing Board, and such individuals would have to be served with process."

This position is supported by Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

Plaintiff, however, says that the Hearing Board has several panels of hearing officers—each such panel consisting of three officers. He further says that he has no identification of the hearing officers, and no notice of the identity of the three hearing officers whom the Government will assign to the particular case.

One notes, in this connection, that in Cohen v. Leone, D.C.E.D.Pa.1955, 18 F.R.D. 494, the present counsel for plaintiff brought action against named members of the very Board in question—which procedure withstood attack by motion for reasons hereinbefore set forth. Here it would accordingly seem that, taking the position of plaintiff's counsel as unassailably true and correct for the purposes of the motion, i. e. that the names of the actual or potential panelists are not reasonably ascertainable, then some person in higher authority would necessarily seem an indispensable party.

## III

■ As to the requirement that there be joinder of all indispensable parties,

the position of defendant is that the Hearing Board is but a subdivision of the Office of Industrial Personnel Security Review, headed by a Director appointed by the Secretary of Defense. The decisions of the Hearing Board, it points out, are not final, but are subject to review by the Director, who may remand the case to the Hearing Board, or refer it to the Review Board (20 Fed.Reg., § 67.4–7, p. 1558). Moreover, the decision of the Hearing Board may be referred to the Review Board for review by the Secretary of Defense, and final decisions of the Review Board are subject to approval or reversal by the Secretary of Defense (§ 67.4–7).

The prayer of the plaintiff's complaint is that the defendants be enjoined from requiring plaintiff to subject himself to the rules and regulations of the Industrial Personnel Security Program, as prescribed by Department of Defense Directive No. 5220.6, and that said rules and regulations be declared unconstitutional and void. Defendant argues, with plausibility, that neither the Hearing Board nor any other defendant named in this case could relieve the plaintiff of the necessity of subjecting himself to said rules and regulations. He points out that the only person who would have the power to so relieve the plaintiff, or to comply with an order of the Court granting said relief, would be the Secretary of Defense, or perhaps the Director, who is charged with the duty of administering the Industrial Personnel Security Review Program.

It has been held that the person or persons having the ultimate authority to take action are indispensable, and that the action must be dismissed for lack of joinder of such persons. Money v. Wallin, 3 Cir., 1951, 186 F.2d 411; Muerer v. Ryder, D.C.E.D.Pa.1955, 137 F.Supp. 362; Harris v. Bayer, D.C.E.D.Pa.1955, 18 F.R.D. 392.

### IV

As to jurisdiction of the subject matter, it appears that plaintiff really seeks relief in the nature of mandamus. This Court does not ordinarily have jurisdiction to grant mandamus—such writs being beyond the powers of District Courts other than those for the District of Columbia. Marshall v. Crotty, 1 Cir., 1950, 185 F.2d 622; Harris v. Bayer, D.C.E.D.Pa.1955, 18 F.R.D. 392.

More particularly, the plaintiff seeks, in effect, to have an order entered restoring his security clearance for access to information classified as "secret". While the complaint specifically prays only that he be relieved of the necessity of submitting to the regulations, and that the said regulations be declared null and void, it appears that the order of the Court would be effective only if accompanied by a further order that plaintiff's clearance be established or restored. Such an order, it seems under the cases heretofore cited, would be in the nature of a writ of mandamus which is beyond the power of this Court. Nor is the fact that an injunction in the nature of mandamus was held justified in Lester v. Parker, as to procedure found clearly unconstitutional, necessarily authority to the contrary here, 9 Cir., 1956, 235 F.2d 787, 789.

### V

The remaining grounds of objection go to lack of plaintiff's standing to sue and failure to state a justiciable cause of action—which matters may be treated together.

The first of these is the failure to exhaust administrative remedies. It is, of course, at least the general rule that judicial review may be obtained only after plaintiff has exhausted the remedies afforded him by the administrative procedure. Smith v. Duldner, 6 Cir., 1949, 175 F.2d 629, 631; Yakus v. United States, 1944, 321 U.S. 414, 434, 64 S.Ct. 660, 88 L.Ed. 834; Curtis v. Schaffer, D.C.S.D.N.Y.1955, 137 F.Supp. 683, 684.

Defendant also points out that plaintiff does not show that he has in fact lost employment as a result of the current

denial of security clearance as to which the Board hearing is pending.

 As to the forthcoming hearing, the plaintiff urges that the administrative procedure established under the power delegated to the Secretary of Defense and by him in turn to the Hearing Board will necessarily deny him the benefits of procedural due process. That result will follow, he claims, by virtue of deficiencies in the regulations as to opportunities to compel attendance of witnesses at hearings as well as opportunities for confrontation of adverse witnesses. His fears are premature.

 Procedural Due Process, as this Court understands it, is not susceptible of advance definition. In the administrative field the desiderata are notice and opportunity to be heard—including machinery for assuring the attendance of witnesses. Those features must be afforded to the parties litigant insofar as reasonably possible or practicable. The following excellent statement was made by Judge Murphy in Parker v. Lester, D.C.N.D.Cal.1953, 112 F.Supp. 433, at page 443:

> "In this context, then, I define due process in terms of the maximum procedural safeguards which can be afforded petitioners without jeopardizing the security program. * * * "

It is hoped that the hearing officers will indeed provide the maximum procedural safeguards consistent with the requirements of the security program. But in any event, there is no ground to assume now that the exact opposite will be the case. It surely cannot be said that the procedure to be afforded at the hearing will inevitably and necessarily fall so far short of the traditional fair hearing that prospective unconstitutionality may be assumed and anticipated. To make that leap would not only be unwarranted on the facts, but would violate established principles of law. For over a century the United States Supreme Court has discouraged the anticipation of constitutional questions. Peters v. Hobby, 1955, 349 U.S. 331, 338, 75 S.Ct. 790, 99 L.Ed. 1129; Charles River Bridge v. Warren Bridge, 1837, 11 Pet. 420, 553, 36 U.S. 420, 553, 9 L.Ed. 773.

## VI

For that matter, there is no basis, apart from the mere conclusions of the pleader, for any advance determination that the plaintiff will be treated unfairly at his hearing. However, the Court has been pressed to accept as true (for the purposes of the attacking motion) the allegations of the complaint. In particular it is urged to find that the administrative procedures are necessarily unfair in that, according to the recitals of the complaint, there is no administrative requirement as to attendance of witnesses or the production of evidence established by the Department of Defense Directive No. 5220.6 heretofore mentioned.

In answer it can only be said that the absence or, for that matter, the presence of any such written requirements do not *ipso facto* make procedure unfair or fair. Only the events of the actual conduct of the hearing determine whether there has been a denial of due process. In the event that the hearing is in fact less than fair, this dismissal of the present complaint will in no way have prejudiced the plaintiff. To decide now that the regulations will necessarily be administered unfairly, however, would be the rankest speculation. National Lawyers Guild v. Brownell, 1955, 96 U.S.App.D.C. 252, 225 F.2d 552, 555, certiorari denied 1956, 351 U.S. 927, 76 S.Ct. 778, 100 L.Ed. 1457; Smith v. Duldner, 6 Cir., 1949, 175 F.2d 629, 631; Yakus v. United States, 1943, 321 U.S. 414, 436, 64 S.Ct. 660, 88 L.Ed. 834.

## VII

Plaintiff's arguments center about the opinions for the Court of Appeals for the 9th Circuit in Parker v. Lester, 1955, 227 F.2d 708 and Lester v. Parker, 1956, 235 F.2d 787. In addition to what has been already said as to those cases, the following additional points of distinction are noted:

(a) Those cases involved an entirely different statute and a set of regulations having to do with the United States Coast Guard's application of its Port Security Program. The regulations in question, incidentally, are no longer in force—having been amended to comply with the opinions. To say the least, the decisions did not purport to change the requirements of due process generally.

(b) The suit there in question was in the nature of a class action, rather than an application for prospective relief on behalf of an individual.

(c) There were in those cases no question as to jurisdiction of the person or persons of the defendant, since the hearing officers had been served personally.

(d) Plaintiffs there had suffered undeniable injury in their trade. Since it is a matter of common knowledge that seamen must present satisfactory "papers" when seeking employment, and are hired anew for each voyage, it is evident that the plaintiffs there, denied security clearance, had been deprived of their means of livelihood as to their chosen calling.

(e) With respect to the actual conduct of the hearings, the procedure and enforcement of the regulations in question was held to be unfair in actual fact. By contrast to the relief here requested, the court did not rule invalid the regulations themselves.

(f) Whereas in the instant case full and specific reasons for refusal of clearance were furnished the applicant, the very opposite was true in the 9th Circuit cases.

(g) In the California cases, furthermore, there were no attempts to enjoin the holding of any and all hearings, whereas plaintiff here seeks to forestall hearings or investigations by any means or at any level under the existing laws.

(h) The Parker cases are in further contrast in that the practices disapproved there consisted of a settled course of administrative conduct involving flagrant denials of notice and opportunity to be heard.