**Eugene COBB, Plaintiff,**

v.

**Melvin P. LAIRD et al., Defendants.**

**No. C–70–1032.**

United States District Court,
N. D. California.

June 2, 1971.

Robert J. Jaffe, San Francisco, Cal., for plaintiff.

Steven Kazan, Asst. U. S. Atty., San Francisco, Cal., for defendants.

### ORDER DENYING ALL RELIEF AND DISMISSING THE ACTION AND TEMPORARY RESTRAINING ORDER

OLIVER J. CARTER, District Judge.

Plaintiff seeks a declaratory judgment that Army Regulation 635–20 is contrary to and in conflict with the United States Constitution, an Act of Congress, and a Department of Defense directive. The regulation in question prohibits filing a conscientious objector application at overseas replacement stations. Many of the same contentions were discussed and resolved unfavorably to plaintiff's position in an opinion filed by this Court in Pifer v. Laird, 328 F.Supp. 649 (N.D.Cal.1971).

One point is squarely presented in this case which was not directly faced in the *Pifer* decision. Petitioner contends that he was entitled to adequate notice of the change in army regulations before it became effective. The petitioner, unlike those in *Pifer (supra)* and other related cases (Turpin v. Resor #70–1765 (N.D.Cal. 4/14/71)), Wright v. Laird #70–1133 (N.D.Cal. 8/6/70), alleges that he was able to file elsewhere, but did not do so in direct reliance upon the former Army Regulation 635–20 which would have permitted him to file in a temporary duty station such as Oakland. He contends the due process clause of the Fifth Amendment was violated by the army's failure to provide some adequate notice of the pending regulation change. For the purposes of the government's motions to dismiss and for summary judgment the Court must assume as fact the petitioner's alleged ability and failure to file in reliance upon the former regulation.

Petitioner thus contends that the army was required by the due process clause of the Fifth Amendment to the Constitution of the United States to give a minimum formal or constructive notice before the new regulation could become effective. To this end he states the proposition that certain due notice of important administrative changes has been held to be a constitutional requirement. He cites Webb v. United States, 21 F.R.D. 251 (E.D.Penn.1957) and Mullane v. Central Hanover Bank, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Those cases have no resemblance to the case at hand.

In *Webb* a complaint was dismissed for lack of jurisdiction. Furthermore, the court refused to contemplate what future procedural steps would be necessary to satisfy due process. *Mullane* was a civil case involving a petition for an accounting and settlement by a Trust Company. The Supreme Court held that all known beneficiaries should have been given notice by mail rather than by publication.

Lambert v. People of the State of Cal., 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) was a criminal case in which the Supreme Court held that lack of notice was a defense to prosecution under a municipal code section requiring all felons to register with the city police. United States v. Vincelli, 215 F.2d 210 (2d Cir.1954) stated, in dicta, that a draft board must notify a registrant that his request for a reopening has been denied, otherwise it deprives him of a meaningful right of appeal. The actual holding was that draft boards must exercise sound discretion in determining whether to reopen classifications. Schatten v. United States, 419 F.2d 187 (6th Cir.1969) held that the Marine Corps must obey its own regulations with respect to review of one officer's decision by a superior officer upon request. The reservist had been ordered on active duty for missing a meeting for which he claimed to have received no notice. The court found that it was within the superior officer's discretion to grant an excused absence and therefore the decision not to was reviewable in turn by another superior officer. In dicta the court stated that persons should not be penalized for reasons beyond their control. In Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955) the United States Supreme Court held that a defendant has the right to know the contents of a Department of Justice recommendation to his Selective Service Appeal Board. The court reasoned that without that knowledge a registrant would be unable to meaningfully present his case to the Board.

All of these authorities cited by the petitioner do not present any sound authority for the proposition that the due process clause required the army to notify the petitioner before it changed the place where he could apply for his release as a C.O. They stand at best for the generality that when substantial rights are affected some notice is procedurally required. The Court holds that no substantial right of the peti-

tioner has been affected by the change in the army regulation and therefore no procedural due process issue is presented. Cf. Kimball v. Commandant Twelfth Naval District, 423 F.2d 88 (9th Cir. 1970).

Accordingly, for the reasons above and those articulated in Pifer v. Laird 328 F.Supp. 649 (N.D.Cal.1971)

It is ordered that the injunctive and declaratory relief sought herein be, and the same is hereby denied. The action is dismissed.

It is further ordered that the temporary restraining order issued on behalf of the plaintiff be, and the same is hereby continued in force and effect for ten (10) days from the date of this order to enable petitioner to seek an additional stay from the United States Court of Appeals for the Ninth Circuit; otherwise it is dissolved.