# IN THE OREGON TAX COURT

MULLENAUX et al
*v.*
STATE OF OREGON, by and through the
OREGON DEPARTMENT OF REVENUE
(TC 1591)

Barbara J. Rose, Lake Oswego, represented plaintiffs.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Opinion and order dismissing complaint rendered December 4, 1981.

**CARLISLE B. ROBERTS, Judge.**

The defendant, Department of Revenue, State of Oregon, revised plaintiffs' Oregon personal income tax returns and returns of the Ben Mullenaux Equity Trust for the tax years 1975, 1976 and 1977, asserting that the income attributed to the trust was legally the personal income of the plaintiffs. The department's notices of adjustments were mailed to the plaintiffs on January 16, 1981. The notices for each year contained a statement that an appeal could be made to the Director of the Department of Revenue within 90 days

from the date of the notice. These notices were addressed to the plaintiffs at their residence, 1935 Hamilton Lane, Grants Pass, Oregon 97526. On January 27, 1981, plaintiffs advised the Administrator, Appeals Division, Oregon Department of Revenue, of their wish to appeal the assessments to the Director. On February 20, 1981, the administrative supervisor of the Appeals Division, Department of Revenue, notified plaintiffs that their letter requesting a hearing had been received, that a hearing would be scheduled in the near future and that the plaintiffs would be notified by mail of the time and place. On March 27, 1981, the Appeals Division notified the plaintiffs that the hearing on their appeal was scheduled for May 5, 1981, 3 p.m. to 5 p.m., Room 228, Justice Building, Josephine County Courthouse, Grants Pass, Oregon. A statement in the notice read:

"The hearing will be postponed only if you show good cause. You must explain in writing why the hearing should be postponed. Send your explanation to: Appeals Division * * *.

"Failure to appear at the hearing could result in a decision adverse to your position, or in dismissal of this appeal."

No response having been made by the plaintiffs, Mr. Jeffrey S. Mattson, a hearings referee for the Department of Revenue, stationed in Eugene, Oregon, was in Grants Pass on May 5, 1981, at the appointed time and place, prepared to hear the matter. Present, as a witness, was Mr. Rod Nakamura, an income tax auditor for the Department of Revenue, and Ted Barbera, Esq., Assistant Attorney General, Department of Justice, Salem, as counsel for the state. Mr. Mattson testified in this court that no appearance was made by the plaintiffs and no message was received from them. However, since this was the last scheduled hearing of the day, those present waited for some time after the appointed hour, to no avail. Mr. Barbera was given an opportunity to present an ex parte case before the hearings referee but refused to use it, moving that the matter be dismissed for lack of prosecution by plaintiffs. Mr. Mattson recommended to the Director of the Department of Revenue that the appeal be dismissed for failure of appearance by the petitioners.

On September 4, 1981, plaintiffs filed a complaint in this court, making no reference to their failure to appear at the administrative hearing. The defendant, in answer, placed the

plaintiffs' affirmative allegations at issue and, for a separate answer and affirmative defense, alleged the court lacked jurisdiction to try the case upon its merits because the plaintiffs, by failing to appear at the time and place set for the hearing of their appeal, did not exhaust their administrative remedies before appealing to the Oregon Tax Court, as required by ORS 305.275(4), which reads:

"(4)  * * * no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department [Department of Revenue] unless he first exhausts the administrative remedies provided him before the department and the director."

In his personal appearance before this court, one of the plaintiffs, Mr. Ben M. Mullenaux, testified with hesitance and uncertainty as to his failure to attend the hearing but, on cross-examination, he admitted that 1935 Hamilton Lane, Grants Pass, was his residence during all the time pertinent to this matter and that he knew the hearing was to be held on the date established by the notice setting the hearing. Although he and Mrs. Mullenaux had requested the hearing, Mr. Mullenaux stated on direct: "If I had understood what the hearing was about, I would have been there." The court found the testimony of the witness quite unsatisfactory and unbelievable.

Failure "to exhaust administrative remedies" may vary in many degrees. The matter is important inasmuch as administrative agencies, created by legislative bodies to administer certain statutes, must be able to monitor the work of agency personnel and the efficacy of the statutes through careful consideration of appeals from those persons subject to the agency's administration who find themselves aggrieved.

There is a good deal of authority holding that the exhaustion of administrative remedies requires that a party must not only initiate statutorily prescribed administrative procedures but most follow through each step of the proceeding to a final decision on the merits of the entire controversy. *See Aircraft & D. Equipment Corp. v. Hirsch,* 331 US 752, 67 S Ct 1493, 91 L Ed 1796 (1946); *Ricci v. Chicago Mercantile Exchange,* 409 US 289, 93 S Ct 573, 34 L Ed2d 525 (1973). The administrative agency is entitled to all of the advice which counsel would feel appropriate in a judicial court. *See Zollinger*

*v. Warner,* 286 Or 19, 22, 593 P2d 1107 (1979). Other jurisdictions have held that the filing of an administrative appeal, followed by failure of the taxpayers to appear before the administrative hearing officer, without excuse, is fatal to the taxpayer's cause. *Curtis v. Schaffer,* 137 F Supp 683, 684 (DC NY 1955); *City of Los Angeles v. California Towel & Linen Supply Co.,* 217 Cal App2d 410, 31 Cal Rptr 832 (1963).

Contrary to a view hitherto expressed by plaintiffs' counsel, public policy requires that administrative remedies be fully exploited, even though the petitioners contend that the administrative agency has already decided cases on similar facts against their present position and, therefore, that an appeal would be fruitless.

"'* * * This is, indeed, the slender thread upon which their entire case hangs. But again their position is unsound in principle and unsupported by the better authorities, for it was early perceived that to countenance this view would break down the rule of exhaustion of remedies. * * *'" *City of Los Angeles v. California Towel & Linen Supply Co., supra,* at 420, quoting *Abelleira v. Dist. Ct. of App.,* 17 Cal2d 280, 300, 109 P2d 942, 953 (1941).

The court, being fully advised, finds that the petitioners, plaintiffs herein, failed to exhaust their administrative remedies before the administrative body and, in consequence, this court has no jurisdiction to try the suit upon the merits and therefore it is

ORDERED that the complaint filed in this suit should be and hereby is dismissed, with prejudice.