**UNITED STATES of America ex rel. Eugene McKIEVER, Relator-Appellant,**

v.

**Richard G. JACK, Commanding Officer, U. S. Naval Receiving Station, Brooklyn, New York, and Paul Henry Nitze, Secretary of the Navy, Respondents-Appellees.**

No. 80, Docket 29770.

United States Court of Appeals Second Circuit.

Argued Oct. 5, 1965.

Decided Oct. 18, 1965.

Floyd E. Feldman, New York City, (Jeffrey M. Kassover, Rowland Watts, New York City, of counsel), for relator-appellant.

George L. Barnett, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty.), Eastern District of New York, for respondents-appellees.

Before WATERMAN, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Relator appeals from the dismissal of the court below of his petition seeking the grant of a habeas corpus writ. He alleged in his petition that he was detained at the U. S. Naval Receiving Station in Brooklyn, New York, by the respondents-appellees Secretary of the Navy and the Commanding Officer of that Station under the pretense that he was allegedly a Steward in the U.S. Navy when in truth he was not a Steward but had been discriminated against in the Navy, and that he was not even in the Armed Services because he had been induced to enlist on the basis of false statements made to him by authorized persons who knew the statements to have been false when made.

 When he filed his petition and when he appeared in court for the preliminary hearing appellant was under no restraint other than the normal restraint of movement incident to the status of a member of the Armed Forces. Whatever his purpose may have been in bringing this petition, whether to obtain an adjudication that he is not validly a member of the Armed Forces, whether to have his voluntary enlistment authoritatively terminated, or whether to obtain by judicial decree a change from his Steward's rating, it is clear that the normal restraint upon an individual's free movement incident to service in the Armed Forces is not such a restraint that one may predicate a petition for habeas corpus relief thereon. Moreover, if appellant's purpose is to test the legality of his allegedly void enlistment the trial judge properly held that as appellant had not applied for a discharge his administrative remedies had not been exhausted prior to seeking judicial relief. The unreported opinion below and the cases cited therein demonstrate that the judge below gave appellant's claims exhaustive consideration, and we affirm his order.