378 F.2d 538
 Captain Dale E. NOYD, FR 28084, Appellant,
v.
Honorable Robert S. McNAMARA, Secretary of Defense, Honorable Harold W. Brown, Secretary of the Air Force, General John P. McConnell, Chief of Staff, United States Air Force, Lieutenant General Thomas S. Moorman, Superintendent, United States Air Force Academy, Major General G. B. Greene, Jr., Assistant Deputy Chief of Staff/Personnel for Military Personnel, United States Air Force, Lieutenant General Lewis B. Hershey, National Director, Selective Service System, Colonel John E. Horne, Deputy Chief of Staff, Personnel, United States Air Force Academy, Colonel Henry E. Wojdyla, Head, Department of Psychology and Leadership, United States Air Force Academy, Brigadier General Robert McDermott, Dean of Faculty, United States Air Force Academy, Appellees.
 No. 9440.
 United States Court of Appeals Tenth Circuit.
 May 16, 1967.
 
 Marvin M. Karpatkin, New York City, (John de J. Pemberton, Jr., Rochester, Minn., American Civil Liberties Union, William F. Reynard, Denver, Colo., Norman Dorsen, and Ernest Angell, Melvin L. Wulf, Eleanor H. Norton and Rhoda H. Karpatkin, New York City, of counsel, were with him on the brief), for appellant.
 C. Westbrook Murphy, Dept. of Justice (Barefoot Sanders, Asst. Atty. Gen., Lawrence M. Henry, U. S. Atty., Morton Hollander and Harland F. Leathers, Dept. of Justice, were with him on the brief), for appellees.
 Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is taken from a judgment of the District Court for the District of Colorado denying to appellant declaratory and injunctive relief and relief by writ of mandamus or habeas corpus in appellant's efforts to establish his present status as a conscientious objector and require the United States Air Force to assign him to duty consistent with appellant's subjective conscience or to accept his resignation as a commissioned officer. Appellant has served as a regularly commissioned officer for over eleven years and his sincerity in advancing his present contentions is not questioned for the purposes of this case. In brief summary, appellant asserts that since the initiation of his voluntary military service he has become a conscientious objector to wars of aggression, particularly to the Vietnam conflict, that he is about to be assigned duty inconsistent with his conscience in such regard, that he has exhausted his administrative remedies, and that, absent judicial shelter at this time, he will be forced by his beliefs to disobey a military order and thus be faced with a court-martial proceeding. The full factual background of the case is set forth in the comprehensive memorandum opinion and order of the trial court, 267 F.Supp. 701. We affirm the judgment for the reasons set forth in the trial court's opinion and adopt his opinion as the opinion of this court, adding only a few comments pertinent to the appellate presentation urged by counsel.
 
 
 2
 The trial court dismissed appellant's action for lack of jurisdiction and we agree. Although appellant has exhausted his administrative remedies as that term is concerned with Air Force regulations, he has not exhausted the military process and has not been denied, nor can we anticipate that he will be denied, a full consideration of his constitutional rights within the complete scope of that process. Nor can we at this time give heed to appellant's claim that applicable Air Force regulations pertaining to treatment of in-service personnel do not meet the classical requirements of due process as that concept applies to administrative bodies in general. Military regulations must be considered in the light of military exigencies, "must be geared to meet the imperative needs of mobilization and national vigilance — when there is no time for `litigious interruption'"[1] and great and wide discretion exists in the executive department both in the formation and application of regulations and in their interpretation in such matters as what constitutes "for the good of the service." And, finally, we cannot review the merits of appellant's present claim that the Air Force in the case at bar did not comply with its own regulations in regard to appellant. Such a claim must indeed be strained to contain an overtone of constitutional invalidity giving rise to immediate judicial review of its application.
 
 
 3
 Appellant asserts that under the principles announced in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, he is entitled to injunctive relief to assure determination of his First Amendment right to religious freedom without exposure to court-martial proceedings. We are unwilling to expand the Dombrowski doctrine to enjoin the military actions here under consideration. To do so would run contrary to established law.[2]
 
 
 4
 The essence of appellant's claim is that the federal judiciary should review and determine the validity of military assignments to duty. This we cannot do.[3]
 
 
 5
 In order to allow appellant opportunity to pursue his asserted remedies further, the restraining order heretofore issued by this court shall continue in effect for ten days after the filing of this opinion. Thereupon the restraining order shall be dissolved without further order and the mandate shall issue forthwith.
 
 
 
 Notes:
 
 
 [1]
 United States v. Nugent, 346 U.S. 1, 10, 73 S.Ct. 991, 996, 97 L.Ed. 1417
 
 
 [2]
 See Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277; Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146; Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321; and Gorko v. Commanding Officer, 10 Cir., 314 F.2d 858
 
 
 [3]
 Orloff v. Willoughby, 345 U.S. 83, 94, 73 S.Ct. 534, 97 L.Ed. 842. See also Reid v. Covert, 354 U.S. 1, 39, 77 S.Ct. 1222, 1 L.Ed.2d 1148; Burns v. Wilson, 346 U.S. 137, 140, 73 S.Ct. 1045, 97 L.Ed. 1508; Reaves v. Ainsworth, 219 U.S. 296, 306, 31 S.Ct. 230, 55 L.Ed. 225; and Luftig v. McNamara, D.C.Cir., 373 F.2d 664, 665