PETER J. MUELLER, Specialist Four,
U. S. Army, Petitioner

v

CHARLES P. BROWN, Major General, Commanding General,
United States Army Field Artillery Center and Fort Sill,
Fort Sill, Oklahoma, Respondent

18 USCMA 534, 40 CMR 246

*Francis L. Ruppert, Esquire,* counsel for Petitioner.

## Memorandum Opinion of the Court

In his Petition for Writ of Habeas Corpus and Temporary Restraining Order, filed in the above-entitled action, petitioner seeks review of a decision by appropriate military authorities denying his application for separation from the armed forces as a conscientious objector. Pending such review, he further seeks an order restraining enforcement of a military command to report to the United States Army Overseas Replacement Station, Oakland, California, for further transfer to Vietnam.

It appears that no charges alleging petitioner has violated any provision of the Uniform Code of Military Justice, 10 USC § 801, et seq., have been preferred, or are pending trial before any court-martial.

Article 67(b) of the Uniform Code, supra, 10 USC § 867(b), provides that this Court shall review the proceedings of courts-martial in the following categories of cases:

". . . (1) all cases in which the sentence, as affirmed by a Court of Military Review, affects a general or flag officer or extends to death;

"(2) all cases reviewed by a Court of Military Review which the Judge Advocate General orders sent to the Court of Military Appeals for review; and

"(3) all cases reviewed by a Court of Military Review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review."

In addition to the review powers conferred by Article 67 of the Code, supra, the All Writs Act, 28 USC § 1651, empowers this Court to resort to extraordinary writs "in aid of the exercise of our jurisdiction over cases properly before us or which may come here eventually." United States v Snyder, Misc. Docket No. 69–23, August 14, 1969, 18 USCMA 480, 40 CMR 192; see also Noyd v Bond, 395 US 683, 23 L Ed 2d 631, 89 S Ct — (1969).

Since the jurisdiction of this Court is limited as noted, and since no proceedings before a court-martial are herein involved, the petition is dismissed.