SCAGGS *v.* LARSEN, COMMANDING
GENERAL, ET AL.

Decided August 5, 1969

*Lloyd E. McMurray* on the motion.

MR. JUSTICE DOUGLAS, Circuit Justice.

This is a phase of review of the action of respondents in ordering movant to active duty in the United States Army Reserve for a period of approximately 17 months beyond the term of his enlistment contract. His enlistment expires in September 1969. He was directed in January 1969 to join a unit of the Ready Reserve and attend regular drills. If his allegations are to be believed, he made a diligent effort to comply but was rejected, since his enlistment period would expire in September 1969. Up until that time he had met all the requirements of the Army Ready Reserve. He claims that the order thereafter entered requiring him to serve about 17 months beyond the end of his enlistment contract was punitive and unauthorized.

He therefore filed a petition for habeas corpus with the District Court, complaining that the crucial step taken when he was ordered to active duty was taken without notice and an opportunity to be heard in viola-

tion of procedural due process and also was in violation of the terms of his enlistment contract. The District Court denied the petition, and that decision is presently awaiting review by the Court of Appeals. Scaggs seeks by this motion release from military custody pending that review.

He rests on 28 U. S. C. § 2241 [1] to support his claim that the District Court has jurisdiction of the habeas corpus action.

It has been argued in other cases that the word "custody" indicates that § 2241 does not reach cases where military authority is being contested by civilians at a pre-induction stage [2] or by servicemen not yet convicted of an offense who entered the Armed Forces "volun-

---

[1] "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . .

.        .        .        .        .

"(c) The writ of habeas corpus shall not extend to a prisoner unless—

"(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

"(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

"(3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

[2] With the apparent lone exception of *Ex parte Fabiani*, 105 F. Supp. 139, the federal courts have held that habeas corpus is not available prior to induction. See, *e. g., DeRozario* v. *Commanding Officer*, 390 F. 2d 532; *Lynch* v. *Hershey*, 93 U. S. App. D. C. 177, 208 F. 2d 523, cert. denied, 347 U. S. 917; *Petersen* v. *Clark*, 285 F. Supp. 700. Pre-induction judicial review is more frequently sought by way of injunction, mandamus, or declaratory judgment. See *Oestereich* v. *Selective Service Bd.*, 393 U. S. 233; *Wolff* v. *Selective Service Bd.*, 372 F. 2d 817; *Townsend* v. *Zimmerman*, 237 F. 2d 376.

tarily." [3]  I take the opposed view, though the question has not been authoritatively decided.  However that may be, § 2241 is not a measure of the constitutional scope of the guarantee in Art. I, § 9, of the Constitution that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

The Great Writ was designed to protect every person from being detained, restrained, or confined by any branch or agency of government.  In these days it serves no higher function than when the Selective Service Boards (*Oestereich* v. *Selective Service Bd.*, 393 U. S. 233) or the military act lawlessly.  I conclude, in other words, that in spite of the prejudice that exists against review by civilian courts of military action, habeas corpus is in the tradition of *Oestereich* wherever lawless or unconstitutional action is alleged.

---

[3] It is settled that illegal induction is properly attacked by a petition for a writ of habeas corpus.  *Oestereich* v. *Selective Service Bd., supra.*  The remaining debate concerns cases challenging the legality of continued military service that has been entered under a contract of enlistment.  Cases denying jurisdiction to issue a writ of habeas corpus where the petitioner enlisted in the military forces include *Fox* v. *Brown*, 402 F. 2d 837; *United States ex rel. McKiever* v. *Jack*, 351 F. 2d 672; *McCord* v. *Page*, 124 F. 2d 68; *In re Green*, 156 F. Supp. 174.  Others upholding such jurisdiction are *Hammond* v. *Lenfest*, 398 F. 2d 705; *Crane* v. *Hedrick*, 284 F. Supp. 250; cf. *Jones* v. *Cunningham*, 371 U. S. 236, 240; *Orloff* v. *Willoughby*, 345 U. S. 83, 94; *Tarble's Case*, 13 Wall. 397.  In *United States ex rel. Schonbrun* v. *Commanding Officer*, 403 F. 2d 371, the petitioner, a member of the Army Reserve, sought exemption from active duty on the basis of personal hardship.  Although the court held that "[a]n inquiry into the legality of this restraint would be within the traditional function of the writ," *id.*, at 373, it further held that "[w]hether or not habeas corpus is available, the district court was free to treat the petition as one for mandamus under 28 U. S. C. § 1361." *Id.*, at 374.

As stated, the gravamen of the complaint in this case is that the critical steps forcing petitioner to serve beyond his enlistment contract were taken without notice and opportunity on his part to be heard. The statute makes no provision for a hearing. Neither did the statute in *Wong Yang Sung* v. *McGrath,* 339 U. S. 33, authorizing the deportation of aliens. But the Court said that constitutional requirements made a hearing necessary.

Neither deportation nor a military order to active duty is in form penal. But the requirement that a man serve beyond his enlistment contract may be as severe in nature as expulsion from these shores. At least the issue presented is substantial and should be resolved.

It is hereby ordered that petitioner be, and he is hereby, released on his own recognizance from any and all custody of the United States Army or the United States Army Reserve, and from compliance with the orders heretofore issued, requiring that he report for active duty at Fort Ord, California, on July 27, 1969. This order shall remain in effect until a determination of the cause on the merits by the Court of Appeals.