John Gilbert STONE, Plaintiff,

v.

Hal B. JENNINGS, Jr., et al., Defendants.

No. 70 Civ. 3199.

United States District Court,
S. D. New York.

July 29, 1970.

Kunstler & Kunstler, New York City, for plaintiff; Alfred Lawrence Toombs, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., New York City, for defendant; Joel B. Harris, Asst. U.´S. Atty., of counsel.

### MEMORANDUM

COOPER, District Judge.

This is an action seeking a writ of mandamus directing the United States Army to comply with Army Regulation 614–30 ¶ 3–2 relating to temporary deferment of overseas duty.

Petitioner now seeks a preliminary injunction restraining his ordered transfer to Viet Nam pending a final resolution of the merits of his claim. We are informed that he is presently ordered to be in San Francisco, California by 6:00 p. m., P.D.T., Wednesday, July 29, 1970.

Plaintiff was notified of the denial of his request for a deferment here challenged as early as June 17, 1970, yet delayed in making this application until the very eve of his scheduled departure. The urgency of an expedited and immediate determination necessitated that this be an abbreviated written disposition. Pursuant to Rule 52, F.R.Civ.P., this opinion constitutes our findings of fact and conclusions of law.

Plaintiff is a Major in the Medical Corps of the United States Army. After receiving orders assigning him to Viet Nam, he applied on May 21, 1970 for a temporary deferment of oversea duty, pursuant to Army Regulation 614–30 ¶ 3–2a(1) (b). That regulation provides in essence that a temporary deferment "may be granted" under certain enumerated criteria when compliance with an overseas transfer "will impose hardship upon the individual or his family." Specifically, he relies upon the criteria set forth in subdivision a(1) (b): illness of a member of his immediate family which in the opinion of the attending physician "is of such a nature that the individual's presence is a critical factor of the patient's recovery, whereas his immediate departure will have a serious adverse effect upon the patient."

Plaintiff fails to show any likelihood of success and his application must be denied.

 His allegation that the Army failed to comply with its own regulation in denying his request because his application satisfied the enumerated criteria is erroneous.[1] Submission of papers qualifying for consideration does not automatically entitle an applicant to a deferment. As in United States ex rel.

---

1. It is not at all certain that he did in fact meet each of the requisites of AR 614– 30 ¶¶ 3–2 and 3–3. In fact, the papers reflect the contrary.

Schonbrun v. Commanding Officer, 403 F.2d 371, 374 (2d Cir. 1968) this type of deferment is "authorized but not required." Here, too, "in contrast to the yea or nay character of entitlement to the conscientious objection exemption,[2] administration of the hardship exemption necessarily involves a balancing of the individual's claims against the nation's needs, and the balance may differ from time to time and from place to place in a manner beyond the competence of a court to decide." *Id.* at 374–375. Thus, "civil review of discretionary action by the military should be declined." *Id.* at 375. See also, Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); Smith v. Resor, 406 F.2d 141 (2d Cir. 1969); Noyd v. McNamara, 378 F.2d 538 (10th Cir. 1967), cert. denied, 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1968).

█ Additionally, even if this court has jurisdiction, it appears unlikely plaintiff will succeed on the merits. Apart from the technical deficiencies which appear to have been present in plaintiff's application to the Army, a review of the papers submitted therein convinces us that the O.T.S.G. Compassionate Review Board in denying this application did not go beyond a rational exercise of its discretion. Cf. *Id.* 403 F.2d at 374; Nixon v. Secretary of Navy, 422 F.2d 934 (2d Cir. 1970).

We are saddened by the circumstances that prompted the instant application and have no reason to believe that the Compassionate Review Board felt otherwise when in its telegram to petitioner of June 17, 1970 it said that his request had "been carefully and sympathetically considered by OTSG Compassionate Review Board, but was disapproved due to insufficiently compelling medical and compassionate consideration in accordance with established criteria."

Accordingly, plaintiff's application is denied.

2. Compare Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968) relied on by plaintiff.