438 F.2d 132
 Douglas POLSKY, Appellant,
v.
Major General Roderick WETHERILL, Commanding Officer, United
States Army Field Artillery Center and Fort Sill, Fort Sill,
Oklahoma, and Stanley R. Resor, Secretary of the Army, and
Melvin R. Laird, Secretary of Defense, Appellees.
 No. 625-70.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1971.
 
 Barry E. Ungar, Philadelphia, Pa. (G. Sander Davis, Philadelphia, Pa., and William F. Reynard, Denver, Colo., Goodis, Greenfield, Narin & Mann, Philadelphia, Pa., of counsel, on the brief) for appellant.
 James M. Peters, Asst. U.S. Atty. (William R. Burkett, U.S. Atty., on the brief) for appellees.
 Before LEWIS, Chief Judge, and HILL, SETH, HOLLOWAY and McWILLIAMS, Circuit Judges.
 LEWIS, Chief Judge.
 
 
 1
 This appeal is from an order of the United States District Court for the Western District of Oklahoma denying relief to petitioner-appellant by writ of habeas corpus. The case was first submitted to a panel of this court, such submission by stipulation being later vacated in favor of submission to the court en banc when it became clear that review of the case on its merits and in its present posture would require the court to overrule its decision in Noyd v. McNamara, 378 F.2d 538, cert. denied, 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667. We decline to recede from the substance of our decision in Noyd.
 
 
 2
 Appellant Polsky enlisted in the United States Army Officer Candidate Program on October 12, 1969, entered active duty on October 15, and was subsequently assigned to Officer Candidate School at Fort Sill, Oklahoma. He is presently stationed at Fort Sill.
 
 
 3
 On April 23, 1970, Polsky applied for discharge from the Army as a conscientious objector and his application was duly processed under applicable Army regulations. AR 653-20. Polsky's application was ultimately disapproved by the Secretary of the Army, such disapproval being premised, in substance, on an administrative determination that Polsky was, in fact, a sincere conscientious objector but that his beliefs in such regard had not crystallized during military service but were existent at the time of Polsky's voluntary enlistment. Assuming support for this factual determination it is not disputed that Polsky would not be entitled to discharge under existent Army regulations.
 
 
 4
 On August 4, 1970, Polsky filed his petition for a writ of habeas corpus in the district court alleging an unlawful restraint within the military because the administrative decision had no support or basis in fact and had been reached through unfair administrative procedures amounting to a denial of due process. The trial court rejected both contentions on the merits and this appeal followed.[1]
 
 
 5
 In Noyd this court was asked to review and determine the validity of a military assignment to particular duty. We held that civilian courts lacked jurisdiction over military matters still within the ambit of military process. Other circuits have held otherwise and the Supreme Court has recognized the conflict but left it unresolved. Noyd v. Bond, 395 U.S. 638, 685 n. 1, 89 S.Ct. 1876, 23 L.Ed.2d 631. Again, in Craycroft v. Ferrall, 397 U.S. 335, 90 S.Ct. 1152, 25 L.Ed.2d 351, the Supreme Court acknowledged the conflict among the circuits and remanded that case to the Ninth Circuit for specific consideration of the question. In Craycroft, and by departmental directive, the United States has indicated it will no longer press the position that originally persuaded this court to render its decision in Noyd.
 
 
 6
 The case at bar not only contains the basic issue we considered in Noyd but would require extension of civil federal court jurisdiction beyond questions of statutory interpretation and matters containing overtones of constitutional impact into the general field of review of military administrative decisions for a determination of whether such decisions are factually capable of support. We cannot but predict a gloomy outlook for the pragmatic future of both the military and the civil federal judiciary if such be the required procedure. And we are not persuaded to the contrary by cases giving consideration to Selective Service procedures such as Oestereich v. Selective Serv. Bd., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402. The subject matter of Selective Service cases of this nature simply do not involve persons admittedly lawfully within the military service and thus subject to day by day military control and procedures.
 
 
 7
 We recognize, of course, the harshness of any procedure that requires any person to expose himself to the potential of a court martial or a civilian criminal prosecution as a prerequisite to a judicial determination of claimed rights. Congress can easily remove such dilemma by appropriate legislation for the subject matter we here consider, relief from military service because of conscientious objection, does not involve a constitutional right. And if present judicial power exists to review or consider the validity of military administrative decisions such as the one in the case at bar by way of habeas corpus we would deem the Court of Military Appeals to be the appropriate forum in the first instance. That court has, however, denied or refused its jurisdiction to issue the writ prior to the actual institution of court martial proceedings. Mueller v. Brown, 40 C.M.R. 246; United States v. Snyder, 40 C.M.R. 192.
 
 
 8
 The judgment of the district court is reversed and the case remanded to that court with instructions to dismiss for lack of jurisdiction.
 
 
 9
 In order to allow the parties full opportunity to pursue available remedies further, the restraining order heretofore entered by this court shall continue in effect for 30 days after the filing of this opinion. Thereupon, unless otherwise ordered, the restraining order shall be dissolved without further order and the mandate shall then issue forthwith.
 
 HOLLOWAY, Circuit Judge (dissenting):
 
 10
 I respectfully dissent. In this en banc proceeding involving the re-consideration of Noyd v. McNamara, 378 F.2d 538, cert. denied, 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667, I would modify the Noyd opinion so as to make clear that it does not bar a hearing by the courts of a habeas petition such as appellant's where the Government makes no such objection thereto.
 
 
 11
 In the District Court the Government made no such objection to the hearing of appellant's case on its merits, and it was thus decided. In our Court for our en banc deliberations the Government has submitted a memorandum to the United States Attorneys from the Department of Justice arrived at after consultation with the Department of Defense. We are advised that the Government position is that if court-martial charges have not been preferred, a service man denied discharge as a conscientious objector need not commit an offense and exhaust military judicial remedies as a pre-requisite to relief by way of habeas corpus proceedings in the Federal District Courts; that if courtmartial charges have been preferred, military judicial remedies must be exhausted before such resort to the civil courts; and that the Government no longer urges the position taken by it in Noyd v. McNamara, supra. In short, the Government and the military departments raise no objection of lack of exhaustion of military judicial remedies in this type of case.
 
 
 12
 As the majority opinion points out, appellant has pursued the administrative remedies in the military establishment through an adverse ruling by the Secretary of the Army. The Government insists on no further administrative steps as a precondition to judicial review. And as the majority opinion also recognizes, there is no habeas corpus remedy available in the military courts prior to court-martial proceedings, for the Court of Military Appeals holds that it lacks jurisdiction to afford habeas relief in these circumstances. See Mueller v. Brown, 40 C.M.R. 246, and United States v. Snyder, 40 C.M.R. 192. So the only remedy that appellant has not exhausted is that of defying an order and asserting the conscientious objector claim as a defense to court-martial proceedings-- a remedy whose exhaustion the military establishment has waived.
 
 
 13
 The opinion of the District Court and of this Court in the Noyd controversy spoke of the lack of such exhaustion of remedies as a jurisdictional defect. 267 F.Supp. at 708; 378 F.2d at 539. However, the considerations underlying the opinions were that intervention of the civil courts in military affairs, without the exhaustion of military judicial remedies, was undesirable as 'litigious interruption' in military discipline. In discussing the exhaustion principle as applied to military judicial remedies the Supreme Court has spoken of considerations that '* * * require a substantial degree of civilian deference to military tribunals.' Noyd v. Bond, 395 U.S. 683, 694, 89 S.Ct. 1876, 1883, 23 L.Ed.2d 631. The principle is one merely of '* * * a deferment of resort to the writ * * *.' Gusik v. Schilder, 340 U.S. 128, 132, 71 S.Ct. 149, 152, 95 L.Ed. 146. Thus the exhaustion requirement in this field is grounded in comity considerations and not on lack of jurisdiction.
 
 
 14
 In the case before us the comity basis for enforcing the exhaustion requirement is gone since the Government and the military establishment say that they raise no such question. In view of their position, in this type of controversy I feel we should accept the waiver of the exhaustion requirement as we have in other similar circumstances.[1] Therefore, I would modify our Noyd opinion, due to the position taken by the Government in such conscientious objector habeas cases, to make clear that the case does not bar hearing of such claims since the exhaustion requirement has been waived.
 
 
 15
 For these reasons I respectfully disagree with the opinion of the Court and would hold that the District Court properly heard appellant's case on the merits in view of the position taken by the Government.[2]
 
 
 
 [1]
 We recognize that the court below and the parties did not purposely disregard the jurisdictional impact of Noyd but reached the merits for understandable but extraneous reasons
 
 
 [1]
 In Federal habeas corpus proceedings challenging the validity of State Court convictions the parallel exhaustion principle based on comity considerations in favor of the State Courts is observed. See Fay v. Noia, 372 U.S. 391, 419-420, 83 S.Ct. 822, 9 L.Ed.2d 837; 28 U.S.C. 2254(b). However, where the State authorities have waived the exhaustion requirement and the trial court has decided the cases on the merits, we have also considered the habeas petitioners' cases on the merits. See Nance v. Baker, 400 F.2d 864 (10th Cir.); Hines v. Baker, 422 F.2d 1002 (10th Cir.); and Tipton v. Baker, 432 F.2d 245 (10th Cir.). See also Tolg v. Grimes, 355 F.2d 92, 97 (5th Cir.), cert. denied, 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005, holding that in such cases the principle of exhaustion is a matter of comity, and not of jurisdiction
 
 
 [2]
 Since the majority opinion does not reach the merits of appellant's issues I also do not treat the contentions on the merits