Private John Thomas **BRADLEY**, Jr., Appellee,

v.

Hon. Melvin **LAIRD**, Secretary of Defense, et al., Appellants.

No. 409–70.

United States Court of Appeals, Tenth Circuit.

Oct. 28, 1971.

Marvin M. Karpatkin, New York City (Melvin L. Wulf, New York City, and Wayne T. Stratton, Topeka, Kan., were with him on the brief), for appellee.

Edward H. Funston, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., was on the brief), for appellants.

Before PICKETT and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

HOLLOWAY, Circuit Judge.

The Government appeals from the grant of habeas relief for release of appellee Bradley from Military custody. The case was submitted to the District Court on a stipulation of facts and documentary exhibits. On this record the Court made detailed findings of fact, including an ultimate finding that appellee was declared delinquent and ordered inducted by the Board by reason of its view that Bradley's act of turning in his Selective Service Registration Certificate required such action by the Board. The Court concluded that his induction was unlawful under recent Supreme Court decisions,[1] and that habeas relief was proper. We agree.

The findings in the District Court's Memorandum of Decision, 315 F.Supp. 544, give a comprehensive background which need not be repeated. Those findings are accepted by the parties, except for the Government's challenge of the ultimate finding that Bradley's induction resulted from the delinquency declaration. Therefore, we will make only a brief summary of facts necessary to discuss the issues on appeal.

In September, 1966, Bradley was classified I-A and in October he was reclassified II-S and continued in that classification until August, 1968. At that time Bradley's Local Board received a copy of a letter from the F B I to the Pennsylvania State Director of Selective Service saying that in April, 1968, Bradley had sent the Attorney General his Registration Certificate in an envelope with a return address of "New England Resistance" at a Boston address. On the day the copy of the F B I letter was received by the Board it declared Bradley delinquent and advised him on its Form 304 that the reason for the declaration of delinquency was that "registrant has turned in registration certificate, SSS Form 2."

Bradley was not reclassified at that time, but on September 26, 1968, he and eleven other registrants were classified I-A. At that time four other registrants also formerly classified II-S were also classified I-A and each of the other

1. Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653; Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532; Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402. These cases held invalid the accelerated inductions based on declarations of delinquency for various acts, such as turning in a registrant's certificate, without regard to exemptions, deferments and categories of availability for service created by law.

registrants reclassified was younger than Bradley. On October 4, 1968, Bradley was notified of his reclassification and his right to a personal appearance before the Board and of an appeal. He took neither of these steps. In December Bradley underwent his physical examination as required.

On January 28, 1969, a Delivery List was prepared by the Board in response to Call No. 224 and it included five registrants older and three younger than Bradley; of registrants born in 1948, and included in the Delivery List, two were younger than he. On the same day the Delivery List was prepared Bradley was notified to report for induction on February 10, 1969. Bradley reported and was inducted into the Army on February 10. Before his induction Bradley had failed to submit evidence to the Board that would have afforded a basis for extending his student deferment. Also he had not advised the Board of changes in address and college enrollment.

Bradley commenced this habeas action in September, 1969. He was then confined for an earlier conviction of absence without official leave. In December, 1969, charges were brought against him under Article 92 of the Uniform Code of Military Justice for unlawful possession of LSD. The habeas hearing was held in February, 1970.[2] The LSD charge was scheduled for the military trial one week later. The District Court found that this charge was subject to prosecution in the Federal or Kansas civil courts. The Court's opinion and order for discharge were filed in April, 1970.

The Government essentially argues these propositions in seeking reversal: (1) that Bradley was not entitled to habeas relief under *Oestereich* and related cases in view of administrative and judi-

cial remedies in which he might assert his claim of unlawful induction and which bar habeas relief in the civil courts; (2) that Bradley's failure to utilize administrative and judicial proceedings and his delay before instituting suit amounted to waiver and acquiescence in military jurisdiction; and (3) that, in any event, Bradley was not denied an exemption or place in the order of call to which he was otherwise entitled. We cannot agree with the Government's contentions and conclude that the judgment should be affirmed under the principles of the *Oestereich, Breen* and *Gutknecht* cases.

In connection with proposition (1)— that Bradley had administrative and other judicial remedies available to him —it is contended that Bradley failed to seek an administrative appeal of his reclassification before induction and also failed to pursue administrative procedures in the military system for release after induction.[3]

 The difficulty with the contention about the Selective Service System remedies is that an appeal there would have been futile. The District Court's finding, which is amply supported, was that the delinquency declaration by the Board was the basis of the reclassification and induction. The Board's action was merely carrying out the mandate from the Director of the Selective Service System in Local Board Memorandum 85. At that time the administrative policy was clearly declared by the Memorandum and an administrative appeal in the face of it would have been a futile gesture. Gilchrist v. United States, 430 F.2d 631 (10th Cir.).

We agree with the District Court that such contentions on administrative remedies are disposed of by the *Breen* case. There an injunction suit was brought while an appeal of a reclassification was

<hr>

2. Bradley had moved for a continuance until the *Gutknecht* and *Breen* cases were decided by the Supreme Court. After those opinions were handed down the District Court then set its hearing on the habeas petition.

3. The Government relies on 32 C.F.R. 1626.2 which permits appeal of a classification, and on A.R. 635–200, dealing with discharge of one erroneously inducted.

pending and the Supreme Court held that the action challenging the delinquency declaration should have been entertained. Moreover, the contentions on exhaustion of administrative remedies are not persuasive since judicial review would not be aided by an additional administrative decision in this type of case. Cf. McKart v. United States, 395 U.S. 185, 199, 89 S.Ct. 1657, 23 L.Ed.2d 194; Gilchrist v. United States, supra, 430 F.2d at 633–634. On this issue the Government relies on Pickens v. Cox, 282 F.2d 784 (10th Cir.), dealing with failure to pursue administrative remedies, but we are persuaded that the cases of those unlawfully in the military under invalid delinquency declarations are distinguishable under the Supreme Court decisions discussed above.

■ Also the Government says Bradley could have refused induction and set up his claim as a defense to prosecution for failure to submit to induction. We would agree that undoubtedly Bradley could assert the unlawfulness of the delinquency declaration as such a defense to a criminal prosecution, just as the defense of other unlawfulness of an induction or the lack of a basis in fact for a Board's findings could thus be asserted. E. g. McKart v. United States, supra; Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567. However, where the circumstances of an unlawful induction are involved, the habeas remedy is available. See Oestereich v. Selective Service System Local Board No. 11, supra, 393 U.S. at 235, 89 S.Ct. 414, 21 L.Ed.2d 402; Scaggs v. Larsen, 396 U.S. 1206, 1208, 90 S.Ct. 5, 24 L.Ed.2d 28 (Opinion in Chambers of Mr. Justice Douglas.)

■ Likewise we do not accept the Government's argument that Bradley should have challenged the lawfulness of his induction by refusal to obey Army orders after induction and by asserting his claim as a defense to court-martial proceedings. In essence the Government seeks to invoke the principles of Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146, which holds that the Federal Courts should not hear a challenge to the lawfulness of a court-martial conviction prior to exhaustion of available remedies in the military system, and of our similar holding in Noyd v. McNamara, 378 F.2d 538 (10th Cir.), cert. denied, 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667. We believe that such a rule, binding on those lawfully within the military service, does not apply to those not lawfully in the military establishment under the principles of the *Oestereich*, *Breen* and *Gutknecht* cases. And we are persuaded that the District Court had jurisdiction to hear the claim that, under these principles, Bradley was not lawfully in the military system and to grant the writ under the habeas corpus statute, 28 U.S.C. § 2241. See Scaggs v. Larsen, supra, 396 U.S. at 1208, 90 S.Ct. 5. In this type of case he was not obliged to forego his habeas remedy in the District Court and to turn instead to the military courts by setting up his claim as a defense to a military prosecution or by seeking habeas relief from a military tribunal.

The Government's proposition (2) is that Bradley's omissions and delay in bringing suit amounted to waiver and acquiescence in military jurisdiction. In this connection the Government refers again to the various administrative and judicial remedies discussed above. For reasons already stated we feel that the Government's position with regard to those remedies is untenable and that Bradley was not restricted to such remedies in asserting that his delinquency induction was unlawful.

■ There remains the Government's contention that Bradley's delay of seven months after induction before seeking habeas relief amounted to waiver and acquiescence in military jurisdic-

tion. The argument was advanced in the Government's answer in the District Court and was rejected by implication in its opinion. We also are unpersuaded by the contention. Aside from the facts and chronology appearing in the District Court's opinion, the circumstances underlying Bradley's delay in bringing suit were not developed. We agree that such a defense was not established on this record and it shows no intentional abandonment of known rights under familiar principles of waiver. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461.[4] The argument is also closely akin to laches. However, such an affirmative defense requires a showing of lack of diligence by a plaintiff and prejudice to the defendant, see Costello v. United States, 365 U.S. 265, 281–282, 81 S.Ct. 534, 5 L.Ed.2d 551, and mere lapse of time does not amount to laches. Socony Mobil Oil Co. v. Continental Oil Co., 335 F.2d 438 (10th Cir.). We conclude that such contentions lack merit on this record.

■ For its proposition (3) the Government argues that Bradley was denied no exemption or place in the order of call to which he was otherwise entitled. However, it was found that he was declared delinquent, reclassified and later inducted for mailing in his draft card. The record amply supports the finding of the District Court that there is nothing to show that the delinquency declaration and induction occurred for any other reason. We accept the finding and the District Court's conclusion that the basis for Bradley's induction was therefore unlawful, entitling him to relief under the *Oestereich, Breen* and *Gutknecht* cases.

Affirmed.

tion on February 10, 1969. The decisions in *Breen* and *Gutknecht* respectively on delinquency declaration and induction of deferred registrants and those in subordinate categories of availability for service were decided in January, 1970.