John K. PRUNER, Plaintiff,

v.

DEPARTMENT OF the ARMY, Honorable Michael P.W. Stone, Secretary of the Army, Major General Thomas G. Rhame, Commander, 1st Inf. Div. (M), Ft. Riley, KS, LTC Charles "Flint" Meyers, Commandant, Headquarters, Headquarters Command, 1st Inf. Div., Ft. Riley, KS, Defendants.

Civ. A. No. 90-2420-V.

United States District Court, D. Kansas.

Jan. 4, 1991.

John K. Pruner, plaintiff in pro. per.

W. Christopher Hodge, Robert C. Littrell and Henry Stoever, for plaintiff.

Jim Portnoy, Trial Atty., Dept. of Justice, Lt. Col. Mark Steinbeck, Atty., Litigation Div., Dept. of the Army, and Karen Arnold–Berger, Asst. U.S. Atty., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

A hearing was held in this case on December 7, 1990, concerning plaintiff John K. Pruner's Motion for Temporary Restraining Order (Doc. 3) and Motion for Preliminary Injunction (Doc. 2) pursuant to Fed.R.Civ.P. 65. In his motions plaintiff requested that the court enter a temporary restraining order and preliminary injunction to enjoin defendants the United States Department of the Army, the Honorable Michael P.W. Stone, Secretary of the Army, Major General Thomas G. Rhame, Commander of the 1st Infantry Division, Ft. Riley, Kansas, and Lt. Col. Charles "Flint" Meyers, Commandant, Headquarters, Headquarters Command, 1st Infantry Division, Ft. Riley, Kansas, (hereinafter referred to collectively as "the Army") from (1) implementing the provisions of the message change to Army Regulation ("AR") 600–43 (effective August 1, 1983); (2) prohibiting the plaintiff from immediately applying at Ft. Riley, Kansas, for conscientious objector (hereinafter referred to a "CO") status under the former provisions of AR 600–43; and (3) deploying plaintiff to the Middle East. Defendants opposed plaintiff's Motion for Temporary Restraining Order (Doc. 6).

After considering the parties' briefs, oral arguments, and exhibits, the court ruled from the bench denying plaintiff's Motion for Temporary Restraining Order. By request of plaintiff's counsel and agreement of the court and both parties as to the sufficiency of the record made, this ruling was also deemed to be a denial of plaintiff's Motion for Preliminary Injunction. The purpose of this Memorandum and Order is to memorialize the court's findings and conclusions.

Plaintiff in this case enlisted in the United States Army on May 13, 1987 for a period of four years. He achieved the rank of sergeant and is currently stationed at Headquarters and Headquarters Company, 1st Infantry Division, Ft. Riley, Kansas. On November 14, 1990, plaintiff attempted to submit a completed application for conscientious objector status to his Commanding Officer in accordance with the administrative procedures set forth in AR 600–43. On November 8, 1990, plaintiff's unit, the 1st Infantry Division, Ft. Riley, Kansas, was placed on alert for deployment to the Middle East in connection with Operation Desert Shield. Defendants have refused to accept and begin processing plaintiff's application until after he has arrived in the Middle East. Defendants base their refusal to accept plaintiff's application on Desert Shield Personnel Message Number 31, dated October 19, 1990, from Headquarters, Department of the Army which states in pertinent part:

1. For the purposes of AR 600–43, paragraph 2–10c, the term "reassignment["] includes the deployment of personnel away from their present duty location.

2. Notice of "reassignment", to include an alert for deployment, temporarily precludes soldiers from submitting applications for conscientious objector status until after they have arrived at their new duty location.

This message was in turn implemented by a substantially similar message, dated November 1, 1990, from the Commander, 1st Infantry Division, Ft. Riley, Kansas.

Plaintiff's request for extraordinary relief in the form of a temporary restraining order and preliminary injunction is based on his contention that prior to the implementation of these messages, plaintiff would not have been required to deploy to the Persian Gulf after having submitted his application for CO status as provided for by AR 600–43, paragraph 2–10a, which states in part that Army personnel:

who have submitted applications ... will be retained in their unit and assigned duties providing minimum practicable conflict with their asserted beliefs, pending a final decision on their applications. Reassignment orders received after the submission of an application will be delayed until the approval authority makes a final determination.

Further, in his underlying complaint, plaintiff claims that the "message changes": (1) violate his rights guaranteed under the Free Exercise Clause of the First

Amendment of the U.S. Constitution to be a conscientious objector; (2) violate the Federal Register pre-publication requirements imposed by the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552(a)(1)(D); and (3) violate unnamed Department of the Army and Department of Defense regulations which require pre-publication notice and comment rule making as set forth in the Administrative Procedure Act (hereinafter "APA"), 5 U.S.C. § 553. *See* Counts I, II and III of Plaintiff's Complaint.

The Tenth Circuit has set forth the standards to be applied when considering a motion for temporary or preliminary injunctive relief. *Tri-State Generation v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir.1986). In order to obtain a temporary or preliminary injunction, the moving party must establish the following four factors:

(1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.

*Id.* at 355; *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980).

■ Our first consideration is whether the injunction, if issued would be adverse to the public interest and whether the threatened injury to the plaintiff outweighs whatever damage the proposed injunction may cause the defendant. We conclude that the temporary relief sought by the plaintiff would seriously interfere with the public interest in the efficient deployment of troops in connection with Operation Desert Shield. Moreover, we determine that the Army's deployment of its troops is a fundamental function of the military with which the judiciary should not interfere. As Justice Jackson stated in *Orloff v. Willoughby*, 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953), "judges are not given the task of running the Army. [ ... ]

Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters." We find that these principles militate against granting a temporary restraining order in this case.

We also conclude that there is not a substantial likelihood that plaintiff will prevail on the merits of his claims. Plaintiff argued that the message changes are a "substantive rule" or "policy or interpretation" of "general applicability" such that publication of the message changes in the Federal Register was required by FOIA (APA), 5 U.S.C. § 552(a)(1)(D), (E) which states that:

(a) Each agency shall make available to the public information as follows:

(1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public—

. . . .

(D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and

(E) each amendment, revision, or repeal of the foregoing.

Plaintiff further claimed that he was adversely affected by the message changes because deployment to the Persian Gulf would directly cause him to prepare for war contrary to his beliefs. Consequently, plaintiff argued that, based on the parties' stipulation that plaintiff had no actual knowledge of the message changes prior to submitting his CO application, the unpublished message changes should not be applied to him pursuant to 5 U.S.C. § 552(a)(1) which provides that:

Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published.

The Army contended that the publication requirements of 5 U.S.C. § 552(a)(1)(D) and

(E) do not apply since the messages do not work a change in AR 600–43, but merely provide guidance to Army personnel concerning the application of AR 600–43 to a new factual circumstance. Further, the Army claimed that the message changes are "internal personnel rules" which are exempt from publication in the Federal Register under 5 U.S.C. § 552(b)(2) which states that:

> (b) This section does not apply to matters that are—....
>
> (2) related solely to the internal personnel rules and practices of an agency....

As a matter of policy the Army contended that the court should defer to the Army's interpretation of its own regulations and should not intervene in Army personnel matters.

 We conclude that AR 600–43 is an internal personnel matter within the meaning of section 552(b)(2) of the APA. As the court said in *Pifer v. Laird,* 328 F.Supp. 649, 651 (N.D.Cal.1971), which was cited in the parties' briefs, "the army is entitled to a first crack at interpreting its own regulations and to a great deal of deference in the interpretations it reaches." Furthermore, we agree with the court in *Pifer* that "[m]anifestly the army's regulations relating to discharge for conscientious objection are internal personnel matters with in the meaning of the above [5 U.S.C. § 552(b)(2)] exception[ ]." *Id.* at 652.

 Further, as to plaintiff's claim concerning the violation of his Free Exercise rights, plaintiff requested that the court disregard the Tenth Circuit decision in *Polsky v. Wetherill,* 438 F.2d 132, 134 (10th Cir.1971) holding that "conscientious objection, does not involve a constitutional right." We decline to overrule *Polsky* and find that, at least in this circuit, the law is well settled that no constitutional issues are implicated in connection with this application for a temporary restraining order.

At the hearing plaintiff waived his claim based on section 553 of the APA and related, but unnamed, Department of Defense and Department of the Army regulations, stating that an amended complaint would be filed. Therefore, we do not need to consider these provisions.

Finally, we conclude that plaintiff will not suffer irreparable injury if the relief sought is denied. First, we find that plaintiff will not lose his right to have his application for CO status eventually considered and finally determined by the Army if the temporary restraining order and preliminary injunction in this case are not issued.

Secondly, we are not satisfied that plaintiff's deployment to Saudi Arabia will result in irreparable injury to him because paragraph 2–10a of AR 600–43 will provide some protection to plaintiff inasmuch as the regulation requires that plaintiff is to be assigned duties providing minimum practicable conflict with his asserted beliefs.

Lastly, we conclude that plaintiff will not be so denied access to counsel as to result in irreparable injury. We recognize that plaintiff will perhaps not have as convenient access to his particular counsel in this case as he had at the time of this hearing. However, we conclude that he will not be denied his right to access to counsel as provided by AR 600–43, paragraph 2–10i.

For the above reasons, we deny plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's Motion for Temporary Restraining Order (Doc. 3) and Motion for Preliminary Injunction (Doc. 2) are denied.

IT IS SO ORDERED.